**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Allen Armstrong,<br>Plaintiff,<br>v.<br>Unknown Party, et al.,<br>Defendants. | No. CV-26-07533-PHX-DJH<br>**ORDER** |

This matter comes before the Court *sua sponte*. Federal courts are courts of limited jurisdiction, and therefore they maintain an "independent obligation" to police their own subject matter jurisdiction. *Animal Leg. Def. Fund v. U.S. Dept. of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019). Due to this obligation, the Court must address its lack of subject matter jurisdiction over *pro se* Plaintiff Allen Armstrong's ("Plaintiff") Complaint (Doc. 1).

In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exist. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Federal question jurisdiction exists where the action arises under federal law. 28 U.S.C. § 1331. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the case is between citizens of different states, or citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). A plaintiff is required to specifically plead the grounds for the court's jurisdiction in the complaint. *See* Fed. R. Civ. P. 8(a)(1).

Here, Plaintiff's Complaint not only fails to specify a jurisdictional basis, but the

Court is also unable to discern whether it has jurisdiction on the face of the Complaint. (*See generally* Doc. 1). This is because the only defendants listed by Plaintiff are "Local Field Management Office, Regional Command, and Federal Oversight Directory." (*Id.* at 1). It is unclear who these intended defendants are as no contact or address information is provided, and these amorphous terms do not identify any known individual or other entity. Nothing in the body of the Complaint further clarifies who the intended defendants are.

Additionally, the only "claims" Plaintiff pleads are "emergency injunction to freeze unmitigated public hunting discharges" and "environmental freeze on permitted bypass road corridor." (*Id.* at 1, 5). Neither of these claims are recognized causes of action. "There are only two possible bases for such a cause of action: a statute or the common law." *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1094 (9th Cir. 1985). Plaintiff's claims are supported by neither basis. Plaintiff should also be aware that an injunction is a form of remedy, not a stand-alone cause of action. *Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011). While injunctive relief may be available if Plaintiff is entitled to such a remedy on an independent cause of action, Plaintiff's "emergency injunction" claim is a legally insufficient claim for relief.

In short, because no defendants or causes of action can be discerned from the Complaint, diversity nor federal question jurisdiction has not been established, and the Court presently is unable to hear this matter. As a result, Plaintiff's case will be dismissed without prejudice and with leave to amend. If Plaintiff wishes to pursue this suit, he must amend his Complaint by making factual allegations showing he is entitled to relief and complying with the requirements of Federal Rule of Civil Procedure 8. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. [1]

**To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [he is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who**

---

[1] Information for individuals filing without an attorney may be found on the District Court's web page at www.azd.uscourts.gov/.

**violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action.”** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Plaintiff is further advised that, if he elects to file an amended complaint but fails to comply with the Court’s instructions, this case will be subject to dismissal.

The Court will now address several final matters. First, Plaintiff’s “Affidavit of Hand-Delivery Service of Process” (Doc. 7) will be struck from the record. Although not entirely clear who is purported to have been served, the document names the United States Fish and Wildlife Service as a defendant in this matter, but the U.S. Fish and Wildlife Service is not a named defendant in the Complaint. (*Compare id.* at 1 *with* Doc. 1 at 1). Because service was improper and completed on a non-defendant, Plaintiff’s notice of service is void, and any amended complaint will need to be served in accordance with Rule 4 on any properly named defendant. Second, Plaintiff has filed multiple declarations, supplements, and other addendums on the record. (*See* Docs. 2, 6, 8–13). Plaintiff is admonished that this practice is not proper and will not be tolerated moving forward. Requests to the Court need to be made through an appropriate motion, and any exhibits, such as declarations, should be filed with the motion, not individually on the docket. The filing of various declarations does little more than clutter this case’s docket, and future filings that are not proper motions and not authorized by Federal or Local Rules may be summarily struck from the record. Lastly, Plaintiff should be aware that, despite his *pro se* status, he will be expected to adhere to all pertinent Rules and Court Orders and display requisite levels of professionalism. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (“Pro se litigants must follow the same rules of procedure that govern other litigants.”).

Accordingly,

**IT IS ORDERED** that Plaintiff’s Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint in accordance with this Order **within thirty (30) days of the filing of this Order**. If no amended complaint is filed, the Clerk of Court is kindly directed to terminate this matter without further notice.

**IT IS FINALLY ORDERED** that Plaintiff's Affidavit of Hand-Delivery Service of Process (Doc. 7) is **STRICKEN** from the record.

Dated this 29th day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge