**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Allen Armstrong,<br>Plaintiff,<br>v.<br>Unknown Party, et al.,<br>Defendants. | No. CV-26-07533-PHX-DJH<br>**ORDER** |

On October 29, 2026, the Court dismissed Plaintiff Allen Armstrong's Complaint (Doc. 1) without prejudice and with leave to amend because the Complaint stated no basis for the Court's jurisdiction, named no discernible defendants, brought no claims under statute or common law, and generally failed to comply with Rule 8. (*See* Doc. 16). Nonetheless, on October 30, 2026, Plaintiff filed an "Emergency Motion for Mandatory Site Closure and Immediate Injunctive Relief" (Doc. 17). However, presently, there is no operative complaint in this matter, and absent a properly filed complaint, the Court lacks the authority to issue preliminary injunctive relief. *See*, *e.g.*, *Creel v. Amazon.com, Inc.*, 2025 WL 2553631, at *2 (E.D. Cal. Sept. 5, 2025) ("Most fundamentally, the court lacks authority to grant a temporary restraining order in this matter because there is no operative complaint in this action and no pending claims before this court."). Therefore, Plaintiff's Emergency Motion is denied.

The Court further notes that, since its Order dismissing his Complaint, Plaintiff has filed ten other documents with the Court, none of which is an amended complaint

addressing the deficiencies identified in the prior Order. (*See* Docs. 17–26); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("[T]he district court may dismiss an action for failure to comply with any order of the court."). Plaintiff is instructed to comply with the Court's Order (Doc. 16) and heed the admonishments within, particularly those concerning his miscellaneous filings. (*Id.* at 3).

Lastly, several of Plaintiff's most recent filings purport to have completed service. (Docs. 24, 26). However, as stated above, there are no named defendants in this matter and currently no operative complaint to serve. Moreover, no summons has been issued in this matter. *See* Fed. R. Civ. P. 4(c)(1) (requiring a summons and copy of the complaint to be served). So, Plaintiff's service efforts are inherently defective, and these documents will be struck from the record.

Accordingly,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Mandatory Site Closure and Immediate Injunctive Relief (Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the Certificate of Service (Doc. 24) and Proof of Service (Doc. 26) are **STRICKEN** from the record.

**IT IS FINALLY ORDERED** that if Plaintiff wishes to pursue this case, an amended complaint that complies with Rule 8 and the Court's prior Order must be filed **by November 27, 2026**. Failure to do so will result in the termination of this matter without further notice.

Dated this 4th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge